(87 App. Div. 137.)

RIKER v. ERLANGER et al.

(Supreme Court, Appellate Division, First Department.　October 23, 1903.)

1. PLEADING—BILL OF PARTICULARS—CONSPIRACY.

Where an action was brought to recover money of which plaintiff alleged defendant had defrauded him through a conspiracy, and the complaint alleged that defendant machine company, by and through its officers, agents, and servants, did conspire to defraud plaintiff, defendants were entitled to have such allegation restated, so as to allege whether the officers referred to were the individual defendants, and, if not, that plaintiff should state the names of those whom he claimed took part in the conspiracy.

2. SAME.

Where, in an action for conspiracy, it was alleged that the false and fraudulent statements and representations were made to him "or his duly-authorized agent or agents," defendant was entitled to a bill of particulars, setting out the names of such agent or agents.

Appeal from Special Term, New York County.

Action by William B. Riker against Nathan Erlanger, impleaded. From an order denying defendant's motion for a bill of particulars, he appeals.　Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

I. Henry Harris, for appellant.

George W. Schoonmaker, for respondent.

PER CURIAM.　The appellant was not entitled to all the particulars which he sought; but two of those which he demanded should have been supplied.　The action is to recover $5,000, of which the plaintiff alleges he was defrauded through a conspiracy entered into between the defendants.　In the complaint he alleges, among other things, that the defendant machine company, "by and through its officers, agents, and servants, did * * * conspire" to defraud him. If by this it is intended to restate what in another place is alleged—that the officers referred to were these defendants—then it will be easy for the plaintiff to so state; and if there are other officers and agents of the company whom it is claimed took part in the conspiracy, then the appellant is entitled to have their names given.　So, too, with respect to the allegations which the plaintiff makes that the false and fraudulent statements and representations were made to him "or his duly-authorized agent or agents," the defendant is entitled to know the names of such agent or agents, to the end that he may not be surprised upon the trial as to the identity of the persons to whom it is claimed the representations were made.

Except in these two respects, the application was properly denied. The order accordingly should be modified by requiring the plaintiff to furnish these particulars, and, as so modified, affirmed, without costs.

Order modified, as stated in opinion, and, as modified, affirmed, without costs.